JOEL MCCLENDON *v.* JOHN & WM. R. STEWART.

**Petition — Allegations as to Value of Rent.**

> Where a petition does not contain any allegation as to the value of
> property charged to be in the possession of the appellant, nor of the
> annual rents and profits, and no evidence was offered as to same a verdict
> of the jury granting such rents and profits will be reversed.

APPEAL FROM HENDERSON CIRCUIT COURT.

June 23, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

Action was prosecuted for the recovery of a part of a tract of
land claimed by appellees, and a verdict and judgment having
been rendered against appellant for twenty-eight acres of land,
and $200 in damages, he has appealed to this court.

In the trial in the court below, no evidence was offered as to the
value of rents of the land recovered, nor was the quality or con-
dition of the land in appellant's possession proved so as to enable
the jury to form any opinion on the subject of the value of rents
and profits.

After giving the boundary and location of the tract of land
which, they allege, include the land for which this action was
brought, and their derivation of title to the same, appellees allege
that the appellant had then and for three years past had held a
part of the above-described tract of land in his possession, with-
out right, and continues so to hold the same, to the plaintiff's
damage, $500. But do not make any allegations as to the quality
or value of the part charged to be in possession of appellant, nor
of the annual rents and profits, and fail to give such a description
of the land as would enable the jury to determine what the an-
nual rents would be reasonably worth.

The verdict of the jury for the $200, consequently, was not sus-
tained by the evidence nor authorized by the pleadings.

The amended answer offered by appellant stated facts pertinent
and proper for his defense. It does not appear that by permitting
it to be filed any delay in the trial of the cause would have been
produced, and it was responsive to material facts alleged in the

petition. And although this court might not deem the rejection of said amended answer, of itself, such an abuse of a sound discretion by the court below or an error for which the judgment would be reversed, yet as the error first noticed must be fatal, and the cause for that reason remanded, the appellant should be permitted to file said amended answer.

Wherefore, the judgment is reversed and the cause remanded, with instructions to award a new trial and for other proceedings consistent with this opinion.